IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JONATHAN O. HAFEN, in his capacity as Court-appointed Receiver,<br><br>Plaintiff,<br><br>v.<br><br>GRETCHEN A. HOWELL, an individual, and LESLIE M. HOWELL, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-00813-TC-DAO<br><br>District Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg |

In this ancillary action to Commodity Futures Trading Commission et al. v. Rust Rare Coin et al., No. 2:18-cv-00892-TC-DBP, Defendants Gretchen A. Howell and Leslie (Les) Howell are respectively seeking summary judgment and partial summary judgment on Receiver Jonathan O. Hafen's claims against them. Although the parties have agreed to stay most of the proceedings in this case, (ECF Nos. 70 & 72), they still ask the court to resolve the Howells' summary-judgment motions (ECF Nos. 40 & 41) and the Howells' motion to exclude proposed expert Jeffrey T. Shaw. (ECF No. 53.) Because Mr. Shaw's declaration (ECF No. 39-1) is cited throughout the Receiver's opposition memoranda, the court must take up the motion to exclude before it can consider whether summary judgment is warranted. For the following reasons, the court DENIES the Howells' motion to exclude.

## BACKGROUND[1]

Mr. Shaw is certified public accountant who works for a consulting firm in Salt Lake City. (Receiver's Mot. Summ. J. App. Ex. C (Shaw Decl.) ¶¶ 2–4, ECF No. 39-1.) The Receiver

---

[1] In describing what Mr. Shaw says in his declaration, the court does not comment on whether Mr. Shaw's conclusions are correct.

hired Mr. Shaw to help investigate the alleged Rust Rare Coin Ponzi scheme. (Id. ¶ 7.) Mr. Shaw reviewed the contributions that Gretchen and Les Howell made to Rust Rare Coin and the investment payments that Rust Rare Coin made to the Howells. (Id. ¶ 8.) He looked at bank statements, accounting records, investor statements, Rust Rare Coin files, email correspondence, deposition testimony, and other records that the Howells provided. (Id. ¶ 9.) Based on these records, he calculated each Defendant's "net winnings"—that is, the excess payments above each Defendant's contributions. (See id. ¶¶ 15, 19.)

Mr. Shaw concluded that Les Howell contributed $1,346,227 in cash and metals and received $4,685,242 in cash and metals from Rust Rare Coin. (Id. ¶¶ 12–13.) This makes Mr. Howell a "net winner." Mr. Shaw concluded that Gretchen Howell contributed $96,450 in cash and received $22,000 in cash from Rust Rare Coin. (Id. ¶¶ 17–18.) This makes Ms. Howell a "net loser." Mr. Shaw combined the Howells' net totals and concluded that the couple had net winnings of $3,264,565. (Id. ¶ 20.)

## ANALYSIS

The Howells give four reasons why the court should prevent Mr. Shaw from testifying as an expert and not consider his declaration on summary judgment. First, they argue that he was not disclosed as an expert and that his declaration is not a proper expert report. Second, the Howells assert that the declaration is not based on Mr. Shaw's personal knowledge. Third, they claim that the declaration summaries are inaccurate and misleading. Finally, the Howells argue that Mr. Shaw's summaries would not be "helpful" to a jury.

To begin, the Howells are correct: Mr. Shaw's declaration is not an expert report. Even the Receiver concedes this. (Opp'n at 3–4, ECF No. 73.) This is not a basis for excluding the declaration, as it otherwise complies with federal law. "Affidavits" and "declarations" can be

used to oppose summary judgment. See Fed. R. Civ. P. 56(c)(1)(A). And unsworn declarations that are certified as true under penalty of perjury are treated as sworn affidavits. 28 U.S.C. § 1746. Mr. Shaw's declaration was certified as true under penalty of perjury. (Shaw Decl. at 7, ECF No. 39-1.) Outwardly, the declaration is suitable to be considered on summary judgment if it complies with Rule 56.

Rule 56 requires that declarations "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A court should not exclude a declaration that satisfies these criteria, even if the declaration is unsubstantiated or self-serving. See Speidell v. United States ex rel. Internal Revenue Serv., 978 F.3d 731, 740 (10th Cir. 2020), cert. denied sub nom. Speidell v. United States, 141 S. Ct. 2800 (2021) (mem.). This is because courts do not weigh evidence or determine credibility on summary judgment. See, e.g., Vette v. K-9 Unit Deputy Sanders, 989 F.3d 1154, 1164 (10th Cir. 2021) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). So any purported inaccuracies in Mr. Shaw's calculations or inclusions simply "go[] to the weight of [the Receiver's] summary judgment [opposition] evidence"—not its admissibility. Id. at 1163.

The Howells do not believe that Mr. Shaw is incompetent to testify—rightly so, as competency is a low bar. Fed. R. Evid. 601; Stonebarger v. Union Pac. R.R. Co., 76 F. Supp. 3d 1228, 1235 (D. Kan. 2015) (citing Told v. Tig Premier Ins. Co., 149 F. App'x 722, 725 (10th Cir. 2005)). They instead latch onto Rule 56(c)(4)'s other two elements, arguing that Mr. Shaw's declaration was not made on personal knowledge and that it contains inadmissible facts. Mr. Shaw lacks personal knowledge, the Howells say, because he was never an employee of Rust Rare Coin; he had no "personal involvement" in the Silver Pool transactions. (Reply at 5, ECF

No. 74.) But this is not what personal knowledge requires in this context. Because Mr. Shaw "personally examined" the Howells' receipts, checks, and transactions, he has "personal knowledge of their content." Bryant v. Farmers Ins. Exch., 432 F.3d 1114, 1123 (10th Cir. 2005). The Howells next claim that his declaration is based on hearsay. To the extent that this argument merely repeats their misgivings about Mr. Shaw's personal knowledge, it is overruled. If offered at trial, the documents that Mr. Shaw reviewed—which are attached to the declaration—would be independently admissible "under either Rule 801(d)(2)(A) (statement by a party offered against that party) or Rule 803(6) (business records exception)." Id. Receipts and bank records are regularly kept in the ordinary course of business, and correspondence between the Howells and Rust Rare Coin and deposition testimony are statements of a party–opponent. See Fed. R. Evid. 803(6)(B); 801(d)(2)(A).

      Mr. Shaw's declaration is also admissible under Federal Rule of Evidence 1006. Rule 1006 allows a party to "use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." The court has discretion to decide whether to admit a Rule 1006 summary, United States v. Thompson, 518 F.3d 832, 858 (10th Cir. 2008), though the underlying records must be admissible. United States v. Samaniego, 187 F.3d 1222, 1223 (10th Cir. 1999). As stated above, the records upon which Mr. Shaw relies would be independently admissible, and any inaccuracies in his calculations would go to the weight of the Rule 1006 evidence. See also Iowa Pac. Holdings, LLC v. Nat'l R.R. Passenger Corp., 853 F. Supp. 2d 1094, 1102 (D. Colo. 2012). Mr. Shaw attaches all the underlying documents (bank records, receipts, checks, correspondence, and deposition testimony) as exhibits to his declaration. (ECF No. 44.) Although there are only about 200 pages of documents—not an impossibly voluminous amount—the court finds that the

interests of judicial economy allow it to consider the declaration under Rule 1006. Looking at Mr. Shaw's declaration (and at trial, hearing Mr. Shaw's summary testimony) would help the court (and later the jury) conveniently sort through the numerous financial records at issue here.

In the same breath that the Howells claim that Mr. Shaw's declaration purports to give impermissible expert testimony, they also complain that his declaration isn't sophisticated enough. All he does, the Howells say, is "basic arithmetic"—adding up the various transactions between the Howells and Rust Rare Coin. (Mot. at 4, ECF No. 53.) Any lay juror could do this, they claim, so Mr. Shaw's declaration isn't "helpful." The Howells take this "helpfulness" requirement from Federal Rule of Evidence 702(a), which allows for expert testimony when the expert's specialized knowledge "will help the trier of fact to understand the evidence or to determine a fact in issue." Put differently, expert testimony must "relate to an[] issue in the case"; it must be relevant. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 591–92 (1993).

Setting aside that Mr. Shaw is not purporting to be an expert under Rule 702, the contents of his declaration—to which he would testify at trial—are surely relevant. Evidence is relevant if it alters the likelihood of any material fact. See Fed. R. Evid. 401. Mr. Shaw's declaration summarizes the Howells' transactions with Rust Rare Coin, material facts in this ancillary action. Because it is relevant, Mr. Shaw's testimony would be helpful in deciding this case.

## CONCLUSION

The court has considered Mr. Shaw's declaration on summary judgment before,[2] and it will do so again. Finding no reason to exclude Mr. Shaw, the court DENIES the Howells' motion (ECF No. 53).

---

[2] Hafen v. Brimley, No. 2:19-cv-00875-TC, 2021 WL 1424713, at *2 (D. Utah Apr. 15, 2021); Hafen v. Evans, No. 2:19-cv-00895-TC, 2021 WL 3501658, at *1 (D. Utah Aug. 9, 2021).

DATED this 24th day of May, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge