IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JONATHAN O. HAFEN, in his capacity as court-appointed Receiver,<br><br>Plaintiff,<br><br>v.<br><br>GRETCHEN A. HOWELL, an individual; and LESLIE M. HOWELL, an individual,<br><br>Defendants. | **ORDER AND MEMORANDUM DECISION CERTIFYING JUDGMENT**<br><br>Case No. 2:19-cv-813-TC<br><br>Judge Tena Campbell |

Before the court is a Motion to Certify Amended Judgment filed by Plaintiff Jonathan O. Hafen in his capacity as the court-appointed Receiver (ECF No. 112). The court issued an amended judgment in this case on August 4, 2023 (ECF No. 103), and the Receiver now moves the court to certify that amended judgment so that it may be registered in another judicial district as provided under 28 U.S.C. § 1963:

> A judgment in an action for the recovery of money or property entered in any … district court … may be registered by filing a certified copy of the judgment in any other district … when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

The Receiver asserts that good cause for such an order exists because the Receiver's judgment against Defendants Gretchen A. Howell and Leslie M. Howell is unsecured. Moreover, the Receiver maintains that the Howells' assets are exclusively or nearly exclusively

1

located in Arizona, where the Howells reside. (Receiver's Mot. to Certify J., ECF No. 112 at 2.)

The Howells counter that if they intended to dispose of their real property in Arizona, they would have done so already during the previous four years that this action has been pending. (Defs.' Mem. Opp'n, ECF No. 113 at 2.) The Howells also offer to stipulate to an injunction enjoining them from selling their property. (Id. at 2–3.)

Although the court does not question the Howells' good faith while their appeal is pending, the court finds that the proposed injunction would be insufficient security for the Receiver, who is tasked with recovering the gains from the Rust Rare Coin Ponzi scheme to provide relief to victims of that scheme. The court agrees with the Receiver that an injunction is an inferior means of securing the full amount of the judgment because it exposes that judgment to the risk of intervening liens, bankruptcy, and the possibility that a sale of the property could be dissipated in cash proceeds that would make it difficult for the Receiver to collect a contempt fine.

In similar circumstances, courts have found good cause to certify a judgment for the purpose of registering that judgment in another district. See, e.g., Cianbro Corp. v. George H. Dean, Inc., 749 F. Supp. 2d 1, 3 (D. Me. 2010) ("Courts generally have held that it is sufficient under § 1963 for the movant to show 'an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum.'" (citations omitted)).[1] Because the Howells' have not contested that the bulk of their assets, including their real property, is in Arizona, not Utah, the court finds good cause to certify the amended judgment.

## ORDER

For the foregoing reasons, the Receiver's Motion to Certify Amended Judgment (ECF

---

[1] See also ECF No. 112 at 4 (citing cases).

No. 112) is GRANTED. The court directs the Clerk of Court to certify the court's amended judgment (ECF No. 103) so that it can be registered in Arizona and form the basis for a judgment lien against the Howells' real property.

DATED this 7th day of November, 2023.

BY THE COURT:

_____
Tena Campbell
United States District Judge